## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JEFFREY WALLS, #241383, | ) CIVIL ACTION NO. 9:08-3247-PMD-BM |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| SOUTH CAROLINA | ) **REPORT AND RECOMMENDATION** |
| DEPARTMENT OF | ) |
| CORRECTIONS AT PERRY | ) |
| CORRECTIONAL INSTITUTION; | ) |
| and MIKE MCCALL, WARDEN | ) |
| OF PERRY CORRECTIONAL | ) |
| INSTITUTION, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

Petitioner, an inmate with the South Carolina Department of Corrections ("SCDC"), seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on September 22, 2008.[1]

The Respondents filed a return and motion for summary judgment on January 23, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on January 26, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving an extension of time to respond, Petitioner filed a motion to have material considered, which was deemed to be Petitioner's response and granted on March 19, 2009.

---

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



This matter is now before the Court for disposition.[2]

## **Procedural History**

Petitioner was indicted in 1995 in Marlboro County for criminal conspiracy [Indictment No. 95-GS-34-0444](R.pp. 1926-1927), kidnapping [Indictment No. 95-GS-34-0446](R.pp. 1928-1929); first-degree criminal sexual conduct ("CSC") [Indictment No. 95-GS-34-0447](R.pp. 1930-1931); and murder [Indictment No. 95-GS-34-0448)(R.pp. 1932-1933). Petitioner was one of a group of men, tried together, charged with the brutal kidnapping, rape and murder of the victim over the course of several days.[3] Petitioner was represented by K. Edward Redmond, Esquire, and after a jury trial from March 10, 1997, to March 19, 1997, was found guilty as charged. (R.pp. 1-1649). The trial judge sentenced Petitioner to a term of life imprisonment for murder, thirty (30) years, consecutive, for CSC, and five (5) years, concurrent, for criminal conspiracy. (R.pp. 1685-1686). In accordance with S.C. Code Ann. § 16-3-910, Petitioner was not sentenced for kidnapping because he was sentenced to life for murder. (R.pp. 1685-1686).

Petitioner filed a timely notice of appeal. On appeal, Petitioner was represented by Robert Dudek, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who raised the following issues:

> 1. Whether the judge erred by refusing to serve appellant's case, since trying six defendants together, five for murder, six for kidnapping, six for criminal sexual conduct in the first degree, and six for criminal conspiracy denied appellant his right to have his individual guilt or innocence accessed by the jury, and created the very real risk of a spill-over effect from evidence against the other co-defendants?

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]For a recitation of the factual history of the crime, see State v. Stuckey, 556 E.E.2d 403 (S.C. Ct. App. 2002)



2.  Whether the judge erred by refusing to direct a verdict for appellant on all grounds where the state's evidence only showed appellant Walls was merely present, and not that he aided or conspired to murder, kidnap or sexually assault the victim?

(R.p. 1759).

Petitioner also attempted to file a <u>pro</u> <u>se</u> brief on January 10, 2000 [Respondents' Exhibit 2], but

Respondents represent that this filing was not accepted since Petitioner was represented by counsel.[4]

The case was transferred to the South Carolina Court of Appeals, and on November 8, 2001, the

South Carolina Court of Appeals affirmed Petitioner's convictions and sentences.  <u>State v. Walls</u>,

Unpub. Op. No. 2001-UP-476 (S.C.Ct.App. 2001).  <u>See</u> Respondents' Exhibit 5.  Petitioner filed a

Petition for Rehearing on or about November 27, 2001, which was denied on December 19, 2001.[5]

<u>See</u> Respondents' Exhibits 6-7.

Petitioner then filed a Petition for Writ of Certiorari with the South Carolina Supreme

Court dated January 18, 2002, raising the following issues:

1.  The Court of Appeals erred by ruling petitioner was not entitled to a severance. This Court warned against the evils of mass trials in <u>State v. Gunn</u> and <u>State v. Barroso</u>.  This Court has previously warned about the impropriety of such mass trials since they lead to the jury deciding a defendant's guilt or innocence in a "vague way". The lower court ignored this Court's admonitions in this regard.

2.  The Court of Appeals took witness [Bobby] Ransom's testimony out of context to hold there was evidence the victim was alive.  Further, the evidence in this case only raised a suspicion of petitioner's guilt.  The state only proved that petitioner was merely present and committed lesser crimes for which he was not indicted.

<u>See</u> Respondents' Exhibit 10, p. 1.

The South Carolina Supreme Court denied certiorari on November 21, 2002, and the Remittitur was

sent down on November 25, 2002.  <u>See</u> Respondents' Exhibits 12-13.

---

[4]No order or communication from the State Supreme Court rejecting this <u>pro</u> <u>se</u> brief has been referenced in the filings in this case.

[5]In the interim, Petitioner filed a <u>pro</u> <u>se</u> motion to relieve counsel dated December 20, 2001, which was denied by the Court of Appeals on January 17, 2001.  <u>See</u> Respondents' Exhibits 8-9.



On July 16, 2003, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. <u>Walls v. State of South Carolina</u>, No. 03-CP-34-250; (R.pp. 1787-1793). Petitioner raised the following issues in his APCR:

> **Ground One**:  Ineffective Assistance of Trial Counsel.
>
> The State failed to present sufficient evidence to withstand Petitioner's motion for a direct[ed] verdict on all charges.
>
> The State knowingly use[d] perjured testimony.
>
> The State omitted material facts of evidence.
>
> The court was without subject matter jurisdiction because improper indictment.

(R.p. 1789).

Petitioner was represented in his APCR by Michael Eller, Esquire.  An evidentiary hearing was held on Petitioner's application on January 12, 2006; (R.pp. 1798-1858); with a supplemental hearing being held on July 6, 2006.  (R.pp. 1859-1902).  On August 3, 2006, the PCR judge entered an order granting relief on the CSC charge only.  (R.pp. 1908-1913).  However, after the State filed a Motion to Alter or Amend on August 14, 2006; (R.pp. 1903-1907); the PCR judge reconsidered his decision and entered an order on September 26, 2006 denying Petitioner's APCR in its entirety.  (R.pp. 1914-1924).

Petitioner timely filed a notice of appeal.  <u>See</u> Respondents' Exhibit 14.  Petitioner was represented on appeal by Robert M. Pachak, Assistant Appellate Defender for the South Carolina Commission on Indigent Defense, who raised the following issue:

> Whether defense counsel was ineffective in failing to investigate Jerry Ward's statement about a conversation he overheard between petitioner and Ringo Pearson at Broad River Correctional Institution?

<u>See</u> Respondents' Exhibit 15, p. 2.

On May 7, 2008, the South Carolina Supreme Court denied the petition.  <u>See</u>



Respondents' Exhibit 17. The Remittitur was issued on May 23, 2008. See Respondents' Exhibit 18.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following grounds:

> **Ground One:** The Petitioner is actually innocent of charges for which he stands convicted.
> **Supporting Facts**: The State presented perjured testimony that was contrary to the laws of nature to knowing[ly] obtain Petitioner's convictions.
>
> **Ground Two**: The Petitioner is actually innocent of charges for which he stands convicted.
> **Supporting Facts**: The State failed to present sufficient evidence to withstand Petitioner's motion for directed verdict and/or to convict Petitioner.
>
> **Ground Three**: The Petitioner is actually innocent of the charges for which he stands convicted.
> **Supporting Facts**: The State omitted material facts of evidence to unlawfully convict[] Petitioner.
>
> **Ground Four:** [Petitioner] was denied the right to effective assistance of trial counsel failed to confront two of the State's key witnesses on the specific date that they allegedly witnessed [Petitioner] participating in the crimes.
>
> **Ground Five:** The [Petitioner] was denied Due Process of Law by prosecutorial misconduct of knowingly introducing perjured testimony to obtain his conviction.
>
> **Ground Six:** [Petitioner] was denied the right to effective assistance of trial counsel by counsel's failure to object to improper evidence.

See Petition, pp. 6-9, and attachments[6].

## **Discussion**

Respondents have moved for summary judgment pursuant to Rule 56, Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith

---

[6]Petitioner raised Grounds Four through Six in a memorandum attached to his federal Petition. Since the Respondents have addressed these issues and it appears that Petitioner intended to pursue them in this action, the undersigned has also addressed them.



if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## I.

With regard to Grounds One, Three, and Five, Petitioner did not raise these issues before the trial court. Accordingly, these issues were not preserved as freestanding issues for direct appeal. Lucas v. Rawl Family Ltd. P'ship, 598 S.E.2d 712, 715 (S.C. 2004)[stating an issue cannot be raised for the first time on appeal, but must have been raised and ruled upon by the trial judge to be preserved for appellate review]. Petitioner also did not present these issues in his direct appeal.[7]

While Petitioner does appear to have raised these issues under his ineffective assistance of counsel claim in his PCR application, he did not present these claims as freestanding issues in his APCR. See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default [of a claim], the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork

---

[7]Ground Two was raised and exhausted on direct appeal. Grounds Four and Six are solely PCR issues and would not have been preserved at trial or presented in Petitioner's direct appeal.



will not turn the trick."](quoting <u>Townes v. Murray</u>, 68 F.3d 840, 846 (4th Cir. 1995)(quoting <u>Mallory v. Smith</u>, 27 F.3d 991, 995 (4th Cir. 1994)).  In any event, these issues would not appear to have been proper claims to even raise as freestanding issues in an APCR. <u>Drayton v. Evatt</u>, 430 S.E.2d 517, 519-520 (S.C. 1992) [issues that could have been raised at trial or on direct appeal cannot be raised in a PCR application absent a claim of ineffective assistance of counsel].

Petitioner also failed to properly present evidence and pursue these issues in his PCR proceedings, even as part of his ineffective assistance of counsel claims.  Therefore, since these issues were not addressed by the PCR judge in his order, they would not be considered exhausted for purposes of this federal petition. <u>Plyler v. State</u>, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review].  Furthermore, Petitioner did not raise these  claims on appeal in his Petition for Writ of Certiorari.  <u>See</u> Respondents' Exhibit 15.  Finally, Petitioner also did not raise Ground Six in his PCR proceedings or in his PCR appeal,[8] while he did not pursue Ground Four in his PCR appeal.

Since, as set forth hereinabove,  Petitioner did not properly pursue Grounds One, Three, Four, Five, and Six at trial, in his direct appeal, his APCR, or his PCR appeal, they are barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief];

---

[8]In Ground Six, Petitioner contends that Dwayne Sloan's testimony regarding Ringo Pearson was hearsay and should not have been admitted.  In his PCR proceedings, Petitioner challenged the admission of Jeffrey Ward's testimony on an entirely different basis (Petitioner contended that the location of prison cells would not have allowed Ward to hear a conversation between Petitioner and Pearson).  Therefore, the issue pursued in Petitioner's APCR is not related  to the issue raised in Ground Six of this federal petition.



State v. Johnston, 510 S.E.2d 423, 424 (S.C. 1999)[issue not preserved at trial cannot be raised for the first time on direct appeal]; and as there is no current state remedy for Petitioner to pursue these issues, they are fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence.  Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

In his Petition, Petitioner argues that his trial counsel failed to pursue Grounds One



and Three at trial, and that his PCR counsel failed to raise these issues in his APCR.[9]  Petitioner also

argues in his memorandum in opposition to summary judgment that direct appeal counsel did not

include evidence relating to some exculpatory evidence in his brief, although it is not clear to what

claim this might relate.  With respect to Grounds Four, Five, and Six, Petitioner addressed these

issues in the memorandum attached to his habeas petition, but does not address in either that

memorandum or in his material submitted in opposition to summary judgment whether these issues

were properly pursued at the state court level, and if not, why not.  Therefore, he has offered no

argument for cause for his failure to raise Grounds Four, Five, and Six at the state level.  However,

giving Petitioner the benefit of the doubt, and in light of his <u>pro se</u> status, the undersigned has

considered his ineffective assistance of counsel arguments on Grounds One and Three as also being

an assertion of cause for his failure to properly pursue Grounds Four, Five, and Six in the state courts.

      A claim of ineffective assistance asserted as cause for failing to exhaust claims

"generally must 'be presented to the state courts as an independent claim before it may be used to

establish cause for a procedural default.'" <u>Edwards v. Carpenter</u>, 529 U.S. 446, 452 (2000)(quoting

<u>Murray v. Carrier</u>, 477 U.S. at 489); <u>cf</u> <u>Frasier v. Maschner</u>, 304 F.3d 815, 817 (8th Cir.

2002)["[I]neffectiveness of appellate counsel may not be asserted as cause to excuse procedural

default unless the petitioner has first presented this argument 'as an independent Sixth Amendment

claim to the state courts, if a forum existed to make the argument.'"](quoting <u>Whitmill v.</u>

<u>Armontrout</u>, 42 F.3d 1154, 1157 (8th Cir. 1994)); <u>Clemons v. Luebbers</u>, 381 F.3d 744, 752 (8th Cir.

2004)[Habeas petitioner must have independently presented ineffective assistance of counsel claim

to the state court for adjudication].  Here, Petitioner either did not present claims of ineffective

---

[9]Petitioner addressed Grounds One and Three in his Petition and answered specific questions
about whether they were pursued at the state level and if not, why.  <u>See</u> Petition, pp. 6-7, 9-10.



assistance of counsel on these grounds to the PCR court or did not thereafter pursue the claim in his PCR appeal. Therefore, Petitioner's claims of ineffective assistance of either trial or appellate counsel cannot be used as cause for his procedural default of these claims. Tome v. Stickman, 167 Fed.Appx. 320, 325 (3rd Cir. 2006)["[F]or ineffective assistance of prior counsel to serve as 'cause' to excuse a procedural default, habeas petitioner must first exhaust the ineffective assistance claim itself in state court, or show cause and prejudice for that failure to exhaust."](citing Edwards, 529 U.S. at 451-452).

Further, to the extent that Petitioner may argue that his PCR counsel was ineffective for failing to pursue these claims, this also does not provide Petitioner relief. The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Here, Petitioner has failed to show the necessary "cause" for his procedural default because, to the extent that Petitioner is claiming that his PCR counsel did not pursue these claims, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the

10



Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard v. Delo</u>, 28 F.3d 887, 888 (8th Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932 (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

Accordingly, Petitioner has failed to show cause for his procedural default on these issues. <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these issues are not considered. <u>see</u>, <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray v. Carrier</u>, 477 U.S. 478 (1986); <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496)); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 494 (4th Cir.



11

1999).  He has failed to do so.

Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed.  See 28 U.S.C. § 2254.

## II.

In Ground Two of his Petition, Petitioner contends that the trial court erred because there was not sufficient evidence to survive a directed verdict.  Petitioner raised this issue in his direct appeal, and since this claim was adjudicated on the merits by the State court, it has been properly exhausted for consideration by this Court.

However, this Court's review of this claim is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000).  See Bell v Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1); see also Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001)[Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's claim.

Petitioner's claim that the testimony at his trial was insufficient to establish his guilt goes to the sufficiency of the evidence. Such a claim is cognizable on collateral review: however, a federal court's review of such claims is "sharply limited.  Wilson v. Greene, 155 F.3d 396, 405 (4th Cir.1998), cert. denied, 525 U.S. 1012 (1998) (quoting Wright v. West,  505 U.S. 277, 296 (1992));



see also Evans-Smith v. Taylor, 19 F.3d 899, 905 (4th Cir.1994)["The standard is obviously rigorous."] "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review". Wilson, 155 F.3d at 405-406 (citing Wright, 505 U .S. at 292).  Further, a federal reviewing court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982); and when faced with all the evidence that allows conflicting inferences, this Court must presume that the jury resolved such conflicts in the state's favor.  Jackson v. Virginia, 443 U.S. 307, 326 (1979). Therefore, Petitioner is entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Wilson,155 F .3d at 406 (quoting Jackson, 443 U.S. at 324)); see also George v. Angelone, 100 F.3d 353, 357 (4th Cir.1996); Bradley v. State, No. 04-1278, 2005 WL 3475770 at *6 (D.S.C. Apr. 5, 2005).

At Petitioner's trial, it was established that the victim was abducted and tied up with duct tape at a trailer, where she remained while a party was going on outside.  Various people went in and out of the trailer, where the victim was at first laying bound on a sofa, and was later moved to a bedroom.  The victim was subsequently moved to another house, and then later removed from that house, still bound, and thrown in a creek.  The following evidence was submitted concerning the Petitioner's actions: Sloan testified that Petitioner was with Pearson, and left with Pearson, after Pearson stated that he was going to get the victim to "suck his dick". (R.pp. 522-525).  Danny Davis testified that: 1) Petitioner was at the pig's feet cookout where Davis saw the victim taped up in the trailer (R.pp. 727-735); 2) Petitioner rode in the car to move the victim from Stuckey's trailer to the old abandoned house (R.pp. 741-748); 3) Petitioner was already at the old abandoned house with the



victim when the other men arrived to take her and throw her into the creek (R.pp. 753-762); and 4) Petitioner was among the group of men who threw the victim into the creek (R.pp. 757-762).

Ransom testified that 1) Petitioner was at the pig's feet cookout where the victim was taped up in the trailer (R.pp. 890-892); 2) the victim was talked about at the party and Ransom was shown the taped up victim (R.pp. 890-894); 3) Petitioner was standing with the group of men in the living room when they showed him the victim in the bedroom and asked if he "wanted some" (R.pp. 897-901); 4) Petitioner was with the group of men who carried the victim from Stuckey's trailer to the old abandoned house (R.pp. 901-906); 5) Petitioner was already at the old abandoned house when the men arrived to take her to the bridge and throw her into the creek (R.pp. 910-915); and 6) Petitioner was among the group of men who took the victim to the bridge and threw her into the river (R.pp. 913-923).

Ward testified that he heard Petitioner and Pearson arguing over who had sex first with the victim, and talking about having to tape the victim because she was becoming uncontrollable (R.pp. 1048-1057).  Testimony was also introduced that a roll of duct tape identical to the distinctive roll of duct tape used to bind the victim came from the house where the Petitioner was living.  (R.pp. 333-339, 430-447, 457-462).

"[I]n South Carolina, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate[s] incidental to the execution of the common design and purpose."  Bradley, No. 04-1278, 2005 WL 3475770 at *6 (citing State v. Langley, 515 S.E.2d 98, 101 (S.C. 1999)).  Based upon a review of the evidence submitted at trial, the undersigned does not find that Petitioner has shown that no rational trier of fact could have found him guilty of murder, CSC, and criminal conspiracy.  The undersigned can find no reversible error in the trial judge's refusal to grant a directed verdict on this claim based on this testimony and evidence, or in



the state court's upholding this decision on appeal. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell</u>, 236 F.3d at 157-158;  28 U.S.C. §2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]; <u>Wilson</u>, 155 F.3d at 406 ["[A] federal court reviewing the sufficiency of the evidence on collateral attack must consider the evidence in the light most favorable to the prosecution and must presume that the jury resolved any conflicts over the historical facts in the [state's] favor."]. Therefore, this allegation is without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 22, 2009
Charleston, SC



15

**Notice of Right to File Objections to Report and Recommendation**


The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:


**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**


**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

