# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| JEFFREY WALLS, #241383, ) | |
| ) | C/A No. 9:08-3247-PMD-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| SOUTH CAROLINA DEPARTMENT OF ) | **ORDER** |
| CORRECTIONS AT PERRY ) | |
| CORRECTIONAL INSTITUTION; and ) | |
| DAVID MIKE McCALL, WARDEN OF ) | |
| PERRY CORRECTIONAL INSTITUTION ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court upon *pro se* Petitioner Jeffrey Walls' ("Petitioner") Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254, which was filed on September 22, 2008. On January 22, 2009, the Attorney General of the State of South Carolina filed a Motion for Summary Judgment urging the Court to dismiss Petitioner's Motion. On June 22, 2009, United States Magistrate Judge Bristow Marchant entered a Report & Recommendation ("R&R") recommending to this Court that Respondents' Motion for Summary Judgment be granted and Petitioner's Petition be dismissed. Petitioner filed an Objection to the R&R on July 10, 2009.

## BACKGROUND

Petitioner is presently confined at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In 1995, Petitioner was indicted for: (1) criminal conspiracy, (2) kidnapping, (3) first-degree criminal sexual conduct ("CSC"), and (4) murder. Specifically, Petitioner was accused of abducting a woman, raping her over a period of time while she was held at a trailer, and then wrapping duct tape around her head and throwing her over a bridge, causing her death. On March 10, 1997, Petitioner received a jury trial before the Honorable Edward B.

Cottingham.

Relevant to this matter, testimony was presented at trial about Petitioner's actions. Dwayne Sloan, a family member of three co-defendants, testified that Petitioner was with Ringo Pearson, another co-defendant, and left with Pearson after Pearson stated he was going to get the victim to "suck his dick." (R. pp. 522-25). Danny Davis, another individual charged who accepted a plea agreement, testified that: (1) Petitioner was at a party held at the trailer where Davis saw the victim tied up on the bed (R. pp. 729-31); (2) Petitioner rode in the car to move the victim from Ricky Stuckey's trailer to an old abandoned house (R. pp. 740-48); (3) Petitioner was already at an abandoned house where the victim was located when the other men arrived to take the victim and throw her into a creek (R. pp. 753-60); and (4) Petitioner was among the group of men present when the victim was thrown into a creek. (R. pp. 757-60). Bobby Ransom, a co-defendant of Petitioner, testified that: (1) Petitioner was at a party held at the trailer where the victim was tied up inside (R. pp. 890-92); (2) the victim was shown to Ransom after being talked about outside (R. pp. 892-93); (3) Petitioner was present in the trailer when the victim was shown to Ransom and when Ransom was asked if he "wanted some" (R. pp. 897-01); (4) Petitioner was with the group of men who transported the victim from Stuckey's trailer to an old abandoned house (R. pp. 901-05); (5) Petitioner was already at the abandoned house when the men arrived to take victim to a bridge and throw her in a creek (R. pp. 909-12); and (6) Petitioner was among the group of men present when the victim was thrown into a creek. (R. pp. 912-20). Jerry Ward, a fellow inmate of Petitioner and other co-defendants, testified that he heard Petitioner and Ringo Pearson arguing over who had sex first with the victim and talking about having to tape the victim because she was becoming uncontrollable. (R. pp. 1047-57). Other testimony was introduced: (1) to indicate that a roll of duct

tape identical to the distinctive roll of duct tape used to bind the victim came from the house where Petitioner was living (R. pp. 335-39); and (2) to indicate the structure and composition of the tape found on the victim's body, on the floor of the abandoned house, and on the roll from Petitioner's house were identical (R. pp. 433-41, 453-57). Viola Davis, the victim's sister, testified that she last saw the victim on the evening of November 12, 1994 after the two went to the store. (R. pp. 237-40.)

Ultimately, the jury found Petitioner guilty as charged, and Judge Cottingham sentenced him to a term of life imprisonment for murder, thirty (30) years, to be served consecutively, for CSC, and five (5) years, to be served concurrently, for criminal conspiracy. (R. pp. 1685-86). In accordance with S.C. Code Ann. § 16-3-910, Petitioner was not sentenced for kidnapping because he was sentenced to life for murder. (R. pp. 1685-86). Petitioner appealed his conviction by arguing that the trial court had: (1) erred in refusing to sever Petitioner's case from the cases of his co-defendants; and (2) erred in refusing to grant a directed verdict for Petitioner. The case was transferred to the South Carolina Court of Appeals, and on November 8, 2001, the court affirmed Petitioner's convictions and sentences. *State v. Walls*, Unpub. Op. No. 2001-UP-476 (S.C. Ct. App. 2001). Petitioner filed a Petition for Rehearing on November 27, 2001, which was denied on December 19, 2001. Petitioner then filed a Petition for Writ of Certiorari with the South Carolina Supreme Court on January 18, 2002. The South Carolina Supreme Court denied this writ on November 21, 2002 and the Remittitur was sent down on November 25, 2002.

On July 16, 2003, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. *Walls v. State of South Carolina*, No. 03-CP-34-250; (R. pp. 1787-93.) Petitioner's ground for PCR was that he had received ineffective assistance of counsel. He supported this

ground by claiming: (1) that the State failed to present sufficient evidence to withstand Petitioner's motion for a directed verdict on all charges, (2) that the State knowingly used perjured testimony, (3) that the State omitted material facts of evidence, and (4) that the court was without subject matter jurisdiction because of an improper indictment. Petitioner was represented in his APCR by Michael Eller. An evidentiary hearing was held on Petitioner's application on January 12, 2006; (R. pp. 1789-1858); with a supplemental hearing being held on July 6, 2006. (R. pp. 1859-1902.) On August 3, 2006, the PCR judge entered an order granting relief on the CSC charge only. (R. pp. 1908-13.) After the State filed a Motion to Alter or Amend on August 14, 2006; (R. pp. 1903-07); the PCR judge reconsidered his decision and entered an order on September 26, 2006 denying Petitioner's APCR in its entirety. (R. pp. 1914-24.)

Petitioner timely filed a notice of appeal. Petitioner was represented by Robert M. Pachak, Assistant Appellate Defender for the South Carolina Commission on Indigent Defense who again raised an ineffective assistance of counsel issue. On May 7, 2008, the South Carolina Supreme Court denied the petition. The Remittitur was issued on May 23, 2008.

Petitioner's writ of habeas corpus filed in United States District Court raises the following grounds:

> (1) The Petitioner is actually innocent of charges for which he stands convicted because the State presented perjured testimony that was contrary to the laws of nature to knowing[ly] obtain Petitioner's convictions,
>
> (2) The Petitioner is actually innocent of charges for which he stands convicted because the State failed to present sufficient evidence to withstand Petitioner's motion for directed verdict and/or to convict Petitioner,
>
> (3) The Petitioner is actually innocent of charges for which he stands convicted because the State omitted material facts of evidence to unlawfully convict[ed] Petitioner,
>
> (4) [Petitioner] was denied the right to effective assistance of trial counsel who failed to

confront two of the State's key witnesses on the specific date that they allegedly witnessed [Petitioner] participating in the crimes.

(5) [Petitioner] was denied due process of law by prosecutorial misconduct of knowingly introducing perjured testimony to obtain his conviction.

(6) [Petitioner] was denied the right to effective assistance of trial counsel by counsel's failure to object to improper evidence.

For the following reasons, the Court hereby grants Respondent's Motion for Summary Judgment and denies Petitioner's writ of habeas corpus.

## STANDARD OF REVIEW

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## ANALYSIS

This Court will first note that Petitioner has not raised any discernable specific objections to Judge Marchant's R&R. Petitioner has only raised general objections to the R&R's discussion of Petitioner's grounds for his petition. However, this Court will address Petitioner's grounds presented in his petition.

**I.     Petitioner's Second Ground**

Under § 2254, a federal court may only grant a writ of habeas corpus on a matter which was

adjudicated on its merits in state court where the outcome "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the outcome "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A substantial amount of deference must be afforded to the State court proceedings when considering Petitioner's claim.

Petitioner's objection to the R&R argues that a directed verdict should have been granted at trial because there was conflicting testimony about the time frame of the victim's abduction. Petitioner's claim challenges the sufficiency of the evidence presented at trial. As the R&R points out, however, a federal court's review of such claims is "sharply limited." *Wilson v. Greene,* 155 F.3d 396, 405 (4th Cir. 1998), *cert. denied*, 525 U.S. 1012 (1998) (quoting *Wright v. West*, 505 U.S. 277, 296 (1992)). "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." *Wilson*, 155 F.3d at 405-06 (citing *Wright*, 505 U.S. at 292). "Federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). Thus, Petitioner would be entitled to relief only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Wilson*, 155 F.3d at 406 (quoting *Jackson*, 443 U.S. at 324).

Based on a review of the testimony presented at trial, much of which strongly suggests that Petitioner was integrally involved in each stage of the victim's abduction, rape, torture, and murder,

this Court finds that a rational trier of fact could have certainly found Petitioner guilty of the charges against him. This Court finds no error in the trial judge's refusal to grant a directed verdict on this claim based on the testimony and evidence presented at trial. It must be assumed that the jury was presented with the same conflicting testimony that Petitioner describes and that they resolved the conflict in the State's favor. Therefore, this ground is without merit and should be dismissed.

**II.     Petitioner's Ineffective Assistance of Counsel Claims**

The R&R notes that the ineffective assistance of counsel claims have not been procedurally defaulted at the state level before bringing these claims before this Court. While this Court agrees with the reasoning set forth in the R&R, giving the Petitioner the benefit of the doubt, and in light of his *pro se* status, this Court will address these claims on their merits, notwithstanding any procedural issues associated with them.

In addressing issues concerning the ineffectiveness of counsel, the Supreme Court of the United States has set forth a two-pronged test which was announced in *Strickland v. Washington*, 466 U.S. 668, 687-98 (1984). The first prong of the *Strickland* test, the performance prong, relates to professional competence. In order to satisfy this prong, the petitioner must show that his attorney's representation was deficient and that it fell below "an objective standard of reasonableness." *Id.* at 687-91. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort must be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The Supreme Court and the Fourth Circuit have emphasized that in making this determination, there is a presumption that trial counsel's conduct was within the wide range of reasonable professional assistance credited to attorneys representing criminal defendants. *Id.* at 689; *see Fields v. Attorney General of Maryland*,

7

956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

In order to show that the second prong, the prejudice prong, of the *Strickland* test has been violated, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If the petitioner does not meet his burden of proving prejudice, then "a reviewing court need not consider the performance prong." *Id*.

Petitioner bears the weighty burden of showing by "clear and convincing" evidence that his counsel's performance was objectively deficient, and that but for that deficient performance, the outcome of the trial would have been different. After reviewing the entirety of the record, this Court finds that Petitioner has failed to carry this burden.

Petitioner argues that his trial counsel was ineffective because: (1) counsel failed to cross examine Davis and Ransom on the specific date that they saw Petitioner participating in the crimes against the victim and (2) counsel failed to object to hearsay from witness Dwayne Graham that co-defendant Ringo Pearson told Dwayne he murdered the victim. In order to meet the constitutional standard for effectiveness, representation by counsel "must only be objectively reasonable, not flawless or to the highest degree of skill." *Dows v. Wood*, 211 F.3d 480, 487 (9th Cir. 2000). Petitioner has made no showing that trial counsel's performance was "objectively deficient" or that the trial outcome would have been different but for counsel's deficient performance.

In Petitioner's first ineffective assistance of counsel argument, Petitioner makes a vague allegation of a violation of the confrontation clause by citing to *State v. Jenkins* in his original petition, but that case has no application in this context. In *Jenkins*, defense counsel was denied the

8

ability to cross-examine the prosecution's witnesses about an alleged informant that played a major role in the prosecution's case. *State v. Jenkins*, 474 S.E.2d 817 (S.C. Ct. App. 1996). The court reversed the conviction and remanded for a new trial believing the trial court erred in denying counsel's cross-examination requests. *Id.* at 817. Petitioner's counsel chose not to cross-examine the witnesses in question on the specific issues Petitioner raises, but was not denied the right to do so. This argument is therefore without merit.

To determine if Petitioner was prejudiced by alleged ineffective assistance of counsel, a court hearing an ineffectiveness claim "must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695. Petitioner alleges a discrepancy in the time the victim was abducted that would have been shown had counsel cross-examined two witnesses on the issue. This Court cannot say why Petitioner's trial counsel chose not to cross-examine on these issues, but it could have been a strategic move for any number of reasons. It also could have simply been a mistake or oversight. However, counsel's performance need not be perfect or flawless, it must simply be objectively reasonable. *See Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998) (denying an ineffective assistance of counsel claim due to alleged failure to cross-examine because trial counsel was aware that exhaustive cross-examine may open up testimony to the vileness of defendant's actions). Here, this Court declines to hold that trial counsel's performance fell below the standard outlined in *Strickland*. Moreover, given the overwhelming amount of evidence and testimony in the record, it is unlikely that the outcome of trial would have differed had this cross-examination been offered. *See Id.* (reasoning the discrepancies in witness' version of events was "relatively minor in light of all the evidence against Quesinberry"). Thus, this court finds that Petitioner's ineffective assistance of counsel claim for failing to cross-examine two of the State's

9

witnesses is without merit.

Petitioner also argues that he was denied the effective assistancance of trial counsel because counsel failed to object to hearsay from witness Dwayne Sloan that co-defendant Ringo Pearson, who was not tried with Petitioner and other co-defendants, told Dwayne he murdered the victim. Petitioner cites to *Soesbee v. Leeke*, claiming that the South Carolina Supreme Court held counsel's performance deficient and prejudicial for a failure to object to inadmissible evidence. In actuality, the South Carolina Supreme Court held that counsel's performance was deficient for failing to object to prejudicial statements made by the trial judge and had nothing to do with inadmissible evidence. *Soesbee v. Leeke*, 362 S.E.2d 22, 24 (S.C. 1987). Petitioner also cites to *Mitchell v. State*. That case dealt with impermissible character evidence supplied in a case where the prosecution had no direct evidence to link the defendant to the crime. *See Mitchell v. State,* 379 S.E.2d 123, 125 (S.C. 1989). The South Carolina Supreme Court has previously adopted the rule that "when a conspiracy is shown, all declarations in furtherance thereof, by any of the conspirators, to advance the common cause, are evidence against all, though not made in the presence of each other." *State v. Ferguson*, 70 S.E.2d 355, 357 (S.C. 1952). *See State v. Sullivan*, 282 S.E.2d 838 (S.C. 1981); *Yaeger v. Murphy*, 354 S.E.2d 393 (S.C. Ct. App. 1987). *See also* S.C. Rule of Evidence 801(d)(2)(E) (statement made by coconspirator during the course and in furtherance of the conspiracy is not hearsay.) This Court finds that as Ringo Pearson was a coconspirator with Petitioner, the statement made to Sloan about having murdered the victim was a declaration in furtherance of the conspiracy and was admissible evidence against the other coconspirators. As the statement was not hearsay, the argument for ineffective assistance of counsel is therefore without merit.

## III. Petitioner's Remaining Claims

The R&R notes that Petitioner's remaining claims (Grounds One, Three, and Five) are procedurally barred from being brought in this court because they were not properly exhausted at the state level. While this Court agrees with the reasoning set forth in the R&R, in light of his *pro se* status, this Court will address the substance of these claims below.

Grounds One and Five are similar in that they both allege perjured testimony. In Ground One, Petitioner claims the State presented perjured testimony that was "contrary to the laws of nature" to knowing[ly] obtain the petitioner's convictions. Ground Five alleges prosecutorial misconduct related to the State's introduction of alleged perjured testimony. Although Petitioner has not specified the testimony in question in his original petition, this Court will construe the testimony discussed in supporting memoranda for ground five as being the basis for these claims. Petitioner contends that the testimony of Danny Davis and Bobby Ransom amounted to perjury because their testimony that the Petitioner was participating in the crimes charged at a party allegedly held at the trailer at 1:00 p.m. on November 12, 1994 was impossible because the victim was allegedly abducted around 8:30 p.m. on November 12, 1994. Having reviewed the transcript, nowhere on direct examination of Davis or Ransom did they testify that the party, held at the trailer where the victim was tied up, was on November 12, 1994. Davis spoke of a party in November of 1994 and Ransom spoke of a party held in November of 1994 before Thanksgiving. (R. pp. 727-32, 890-901.) The State did not contend that the party Davis and Ransom attended took place on November 12, 1994. Petitioner has not provided any evidence that the testimony was perjured. Even if the Solicitor offered the date of November 14, 1994 in his closing remarks as the date that the party in question was held, there is nothing to indicate that it is contrary to the testimony offered

11

by Davis and Ransom. (R. pp. 1619-20). Thus, these claims are without merit.

Ground Three alleges that the State omitted material facts of evidence to unlawfully convict[] Petitioner. Petitioner has not indicated which facts were omitted to substantiate this claim. This court recognizes that *pro se* documents are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978); *see also Estelle*, 429 U.S. at 106 (a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers). However, the district court "shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Even liberally construing the allegations in ground three of Petitioner's habeas petition, Petitioner has not indicated the basis for the claim in which he is seeking relief. This Court finds no evidence offered by Petitioner to support the vague, self-supporting, and conclusory nature of the claim alleged, even when the allegations are taken in the light most favorable to the Petitioner. Thus, this claim is without merit and should be dismissed.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Respondents' Motion for Summary Judgment is **GRANTED**, and Petitioner Jeffrey Walls' Petition for relief under 28 U.S.C. § 2254 is **DISMISSED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**

**August 5, 2009**